1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR H. FUENTES,<br><br>                              Plaintiff,<br><br>              v.<br><br>RALPH DIAZ, et al.,<br><br>                              Defendants. | Case No. 5:20-cv-00450-MWF-JC<br><br>MEMORANDUM OPINION AND<br>ORDER DISMISSING ACTION |

## I.    BACKGROUND AND SUMMARY

On February 26, 2020, plaintiff Victor H. Fuentes, who is in custody at Ironwood State Prison in Blythe, California, is proceeding *pro se*, and has been granted leave to proceed without prepayment of the filing fee ("IFP"), filed in the Eastern District of California, a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 and California state law against nine California Department of Corrections and Rehabilitation officials.  The case was transferred to the Central District of California on March 5, 2020.

As plaintiff is a prisoner proceeding IFP on a civil rights complaint against governmental defendants, the assigned Magistrate Judge screened the Complaint to determine if the action is frivolous or malicious, fails to state a claim on which

1  relief may be granted, or seeks monetary relief against a defendant who is immune

2  from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. §1997e(c).

3          On April 13, 2020, the Magistrate Judge issued an Order Dismissing

4  Complaint with Leave to Amend and Directing Plaintiff to Respond to Order

5  ("April Order").[1]  The April Order advised plaintiff that the Complaint was

6  deficient for reasons described in the April Order, dismissed the Complaint with

7  leave to amend, and directed plaintiff, within twenty days (*i.e.*, by May 4, 2020), to

8  file one of the following:  (1) a first amended complaint which cures the pleading

9  defects described in the April Order; (1) a notice of dismissal; or (3) a notice of

10 intent to stand on the Complaint.[2]  The April Order expressly cautioned plaintiff

11

_____

12         [1]Absent consent by all parties, including unserved defendants, a magistrate judge cannot

13 issue dispositive orders, including an order dismissing a claim.  Branch v. Umphenour, 936 F.3d
   994, 1004 (9th Cir. 2019); see also Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017)

14 ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate
   judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. §

15 636(b)(1)(A)-(B). However, "the dismissal of a complaint with leave to amend is a
   non-dispositive matter." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (emphasis

16 added).  Accordingly, a magistrate judge may dismiss a complaint with leave to amend without
   the approval of a district judge.  See id. at 797 ("While the magistrate can dismiss complaints

17 with leave to amend, the district court necessarily must review that decision before dismissing
   the entire action.").  Additionally, a plaintiff who disagrees with a magistrate judge's order,

18 including a nondispositive order dismissing a pleading with leave to amend, may file an
   objection with the district judge.  See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015);

19 see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these
   nondispositive matters . . . can be compelled upon objection of the party against whom the

20 magistrate has ruled.") (quoting McKeever, 932 F.2d at 798).  The April Order expressly notified
   plaintiff that (1) the April Order constituted non-dispositive rulings on pretrial matters; (2) to

21 the extent a party disagreed with such non-dispositive rulings, such party may seek review from the
   District Judge within a specified time frame; (3) to the extent a party believed that the rulings

22 were dispositive, rather than non-dispositive, such party had the right to object to the
   determination that the rulings were non-dispositive within a specified time frame; and (4) a party

23 would be foreclosed from challenging the rulings in the April Order if such party did not seek
   review thereof or object thereto.  (April Order at 21 n.8).

24

25

26

27         [2]Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with
   citation to authorities, that the Complaint (1) violated Rule 10 of the Federal Rules of Civil

28                                                                         (continued...)

1  that the failure timely to file a first amended complaint, a notice of dismissal, or a

2  notice of intent to stand on the Complaint may be deemed plaintiff's admission that

3  amendment is futile and may result in the dismissal of this action on the grounds set

4  forth in the April Order, on the ground that amendment is futile, for failure

5  diligently to prosecute, and/or for failure to comply with the May 4, Order.  The

6  foregoing May 4, 2020 deadline expired without any action by plaintiff.  Plaintiff

7  has not sought review of, or filed any objection to the April Order and has not

8  communicated with the Court since it was issued.

9         As discussed below, this action is dismissed due to plaintiff's failure to state

10  a claim for relief, his unreasonable failure to prosecute and his failure to comply

11  with the April Order.

12  **II.    PERTINENT LAW**

13         It is well-established that a district court may *sua sponte* dismiss an action

14  where the plaintiff has failed to comply with a court order and/or unreasonably

15  failed to prosecute.  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33

16  (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert.

17  denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th

18

19  _____

20         [2](...continued)
Procedure because it did not name all of the parties in the caption or allege claims in sequentially
numbered paragraphs, each limited as far as practicable to a single set of circumstances;

21  (2) violated Rule 8 of the Federal Rules of Civil Procedure because it failed to provide
defendants with fair notice of the particular claims being asserted against them and the grounds

22  upon which the claims rest; (3) failed to state an Eighth Amendment claim predicated on
plaintiff's confinement in conditions of assertedly excessive heat and poor ventilation; (4) failed

23  to state a Fourteenth Amendment due process claim based on the deduction of a fee from
plaintiff's trust account; (5) failed to state a First Amendment right to seek redress claim relative

24  to the deduction of a fee from plaintiff's trust account or the handling of a grievance relating to

25  the same; (6) failed to state a First Amendment denial of expressive association claim based on
the rejection of a group appeal relating to the deduction of fees from trust accounts; (7) failed to

26  state a First Amendment retaliation claim based on the rejection of the foregoing group appeal;
and (8) failed to state a viable state law claim for violation of the Bane Act, California Civil

27  Code section 52.1.

28

3

Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does *nothing*]") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). In addition, where a Magistrate Judge originally dismissed the complaint with leave to amend, the District Judge must review that decision before dismissing the entire action. See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action."). A district judge may not dismiss an action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to file an amended complaint) or for unreasonable failure to prosecute if the initial
///

4

decision to dismiss a complaint was erroneous.  Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

## III.    DISCUSSION AND ORDER

First, the Court has reviewed the April Order and finds that it adequately and properly notified plaintiff of the deficiencies in the Complaint and afforded him an opportunity to amend effectively.  This Court agrees with and adopts the April Order, and finds that the Magistrate Judge properly dismissed the Complaint with leave to amend for the reasons discussed therein.

Second, as explained in the April Order, the Complaint fails to state a claim for relief against any defendant.  The April Order explained in detail what plaintiff needed to do to cure the deficiencies in his pleading, ordered plaintiff to respond to the April Order by filing a first amended complaint which cured the identified pleading defects, or filing a notice of dismissal, or filing a notice of intent to stand on Complaint, and cautioned plaintiff that his failure timely to respond to the April Order may be deemed his admission that amendment is futile and may result in the dismissal of this action on the grounds identified in the April Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the April Order.  In light of plaintiff's failure to file any response to the April Order as expressly directed or to communicate with the Court since its issuance, this Court deems such failure plaintiff's admission that amendment of the Complaint is futile and concludes that plaintiff is unable or unwilling to draft a complaint that states viable claims for relief.  See, e.g., Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.") (emphasis in original), cert. denied, 135 S. Ct. 57 (2014).  Accordingly, dismissal of the instant action based upon plaintiff's failure to state a claim is appropriate.

///

Third, dismissal is appropriate based upon plaintiff's failure to comply with the April Order and the failure to prosecute.  The Court has considered the five factor discussed above – the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives.  The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal.  As noted above, plaintiff has been notified of the deficiencies in the Complaint and has been given the opportunity to amend it, to dismiss it, or to notify the Court that he wishes to stand thereon.  He has done nothing.  See Edwards, 356 F.3d at 1065.  The third factor, risk of prejudice to defendants, also weighs strongly in favor of dismissal.  See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  As for the fifth factor, since plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the April Order, and plaintiff has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal is feasible.  See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

IT IS THEREFORE ORDERED that this action is dismissed based upon plaintiff's failure to state a claim, his unreasonable failure to prosecute and his failure to comply with the April Order.

IT IS SO ORDERED.

DATED: July 15, 2020                    _____

MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE